# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4862 | **DATE** | 12/27/2012 |
| **CASE TITLE** | Lamont D. Haggard (R62161) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $4.54 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Shawnee Correctional Center. The clerk shall issue a summons for service on defendant Dart only and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Summons shall not issue at this time for defendant Carnes. Defendant Godinez is dismissed. The United States Marshals Service is appointed to serve all defendants. Plaintiff's motion for appointment of counsel (Dkt. No. 3), is denied without prejudice. To track the case, a status hearing is set for 02/11/13 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Lamont D. Haggard, an Illinois Department of Corrections inmate, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding his treatment while previously detained at the Cook County Jail. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 3).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $4.54. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

    Turning to the initial review of the complaint, the Court must accept as true all well-pled facts in plaintiff's complaint and draw all reasonable inferences in the light most favorable to him. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). The Court also "construes pro se complaints liberally and holds them to a less stringent standard than formal

pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)). "To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that he was assaulted and stabbed by a group of detainees at the Cook County Jail on January 30, 2011. Defendant correctional officer Carnes was the assigned officer on duty when the incident occurred. Carnes was not at his post when plaintiff was assaulted. Plaintiff blames Carnes's absence for allowing the assault.

Other correctional officers stopped the assault. Plaintiff claims that he was held for questioning for fifteen to thirty minutes following the incident instead of receiving immediate medical assistance. It was clear that he needed immediate treatment due to the fact that he was then taken to the hospital where he received major surgery.

Plaintiff has named Cook County Sheriff Tom Dart, the Jail's former director Salvador Gordinez, and officer Carnes as defendants. He does not name the officers who alleged delayed his medical care following the assault as defendants.

The complaint fails to allege a claim against officer Carnes regarding the assault. "The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from punishment and places a duty upon jail officials to protect pre-trial detainees from violence." *Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005) (citing *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992)); *see also Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994); *Langston v. Peters*, 100 F.3d 1235, 1237 (7th Cir. 1996)). However, not every act of inmate-on-inmate violence results in a constitutional violation. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

Although the claim arises under the Fourteenth Amendment because plaintiff was a pretrial detainee, the Court applies the deliberate indifference standard that governs Eighth Amendment claims. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). The standard contains both an objective prong, requiring a grave risk, and a subjective prong, requiring actual knowledge of the risk. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). As to the objective requirement, plaintiff must show that "(1) he suffered an objectively sufficient serious injury; and (2) he was incarcerated under conditions posing a substantial risk of serious harm." *Id*. (citing *Farmer*, 511 U.S. at 834). A condition that poses a substantial risk of harm is one where the "risks [are] so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). This standard has been analogized to the threat posed by inherently danger situations such as placing a detainee in a cell with a cobra. *Id*. at 911 (citing *Billman v. Indiana Dep.'t of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995)).

On the subjective side, the official is deliberately indifferent resulting in a constitutional violation only if he "'effectively condones the attack by allowing it to happen.'" *Santiago v. Walls*, 599 F.3d 749, 756

(7th Cir. 2010) (quoting *Lewis*, 107 F.3d at 553). "[D]efendants [must have] actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from defendants' failure to prevent it." *Santiago*, 599 F.3d at 756 (quoting *Lewis*, 107 F.3d at 553). "Mere negligence or even gross negligence does not constitute deliberate indifference." *Borello*, 446 F.3d at 749. However, "[a] prison official cannot escape liability by showing that he did not know that a plaintiff was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Dale*, 548 F.3d at 569 (citations omitted). "The ultimate measure of the adequacy of the response is therefore reasonableness in light of the surrounding circumstances." *Id*.

There is no question that plaintiff alleges that he suffered an objectively serious injury, *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008), and so the Court shall consider the subjective prong.

A common fact pattern for liability is when a correctional officer ignores repeated detainee complaints that the detainee is under the threat of violence and there is a subsequent assault. *Borello*, 446 F.3d at 749 (citing *Velez v. Johnson*, 395 F.3d 732, 736-37 (7th Cir. 2005); *Haley*, 86 F.3d 642); *see also Brown*, 398 F.3d at 914. Plaintiff does not allege that he complained to Carnes. An alternative permissible theory is that a correctional officers may not knowingly take actions that would expose a detainee to a serious injury. *See Case v. Ahitowi*, 301 F.3d 605, 607 (7th Cir. 2002) (explaining that a correctional official would be liable for deliberate indifference if he knowingly unleashed a hungry lion on a prisoner); *Billman*, 56 F.3d at 788 (providing example that it is deliberate indifference to knowingly placing a prisoner in a cell with a cobra or placing prisoner in cell when there is a high risk that there is a cobra in the cell). Plaintiff's fails to plausibly allege a claim for relief under this second model for liability as well. There is no indication that Carnes knew of the risk of harm to plaintiff.

Plaintiff cannot proceed against officer Carnes at this time because he fails to allege that Carnes possessed the request deliberate indifferent mindset regarding the assault. Carnes's absence from his post, by itself, without any discussion of Carnes deliberately ignoring a known risk of assault, suggests nothing more than negligence.

The Court will allow plaintiff to submit a proposed amended complaint to correct the deficiencies identified by the Court as to the claim against Carnes. Plaintiff must submit a proposed amended complaint that states a claim against Carnes consistent with the law set forth above within 30 days of the entry of this order. Failure to do so will result in dismissal of Carnes from this action.

Plaintiff's claims against Dart and Godinez are dismissed because he fails to plausibly allege that they were involved in the incident at issue. Plaintiff appears to have named these defendants simply because they are supervisors. Their supervisory status is insufficient to state a claim under §1983. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978); *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (cases hold that a defendant must be personally involved with an alleged constitutional violation to be liable under §1983).

Plaintiff has stated a claim regarding the alleged delay in providing medical treatment following the assault. An unnecessary delay in treatment that unnecessarily prolongs pain without proper justification violates the constitution. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam). The Court recognizes that plaintiff claims the unnecessary delay was allegedly fifteen to thirty minutes. However, he was also alleging suffering from significant injuries resulting from the stabbing. *Id*. (instructing that the Court must consider the "seriousness of the condition and the ease of providing treatment" when evaluating the appropriateness of the delay) (internal quotation marks and citations omitted). The

| STATEMENT |
|---|

reasonableness of the alleged delay cannot be resolved at the present pleading stage.

Plaintiff has not named a defendant who was involved in the alleged delay in providing medical care. He should be aware that he cannot obtain damages from any defendant unless he serves them (or obtains waivers of service) in accordance with Fed. R. Civ. P. 4. He cannot obtain service (and relief) from a John Doe defendants, he must determine their names.

Accordingly, Sheriff Tom Dart, in his official capacity, remains as a defendant solely so that plaintiff may discovery the identity of the officers who alleged unnecessarily delayed in providing him medical treatment following the assault. Once an attorney has entered an appearance on Dart's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the presently unnamed officers who allegedly violated plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns their identities, he may submit a proposed amended complaint that names them under their actual names. Summonses will then issue for service on these defendants and Sheriff Dart will be dismissed as a defendant. Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed amended complaint naming these defendants within the statute of limitations period if he wishes to proceed against them. *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

If the plaintiff decides to submit a proposed amended complaint, he must write both the case number and the Judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the Judge; he must also submit a service copy for each defendant named in the proposed amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the proposed amended complaint must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

The clerk shall issue a summons for service on defendant Dart only and send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Summons shall not issue at this time for defendant Carnes. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Cook County Jail shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of

| STATEMENT |
|---|

the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for appointment of counsel (Dkt. No. 3), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d at 700 (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff has failed to make his own effort to secure counsel. He must take this first step before seeking counsel from the Court. Plaintiff should contact legal assistance organizations and law firms and request that they take his case pro bono. He should attach letters he receives in response from these organizations to any renewed motion for counsel. After Plaintiff has done this, and if he is unsuccessful, then Plaintiff may renew his motion for appointed counsel (the Court will likely appoint counsel in light of the complexity of the issues and the need to identify the proper defendants).